UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRAHAM WAITING, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-14742-IT |
| | * | |
| BLUE HILLS BANK, et al., | * | |
| | * | |
| Defendant. | * | |

ORDER

March 20, 2017

TALWANI, D.J.

Parties in the above-captioned case have filed cross-motions for summary judgment [#51] and partial summary judgment [#54]. The Magistrate Judge to whom these motions were referred found the record's factual disputes to preclude summary judgment and has recommended that the motions be denied. Report and Recommendation [#86]. Defendants lodge the sole objection [#87], to which Plaintiff has replied. [#89].

Defendants challenge the report's findings only as they pertain to Count II of Plaintiff's Amended Complaint [#34]. Defendants dispute the conclusion that the record contains evidence from which a jury could find for Plaintiff on the "protected conduct" element of Plaintiff's False Claims Act retaliation claim under 31 U.S.C. § 3730(h). This court thus reviews that portion of the Magistrate Judge's report *de novo*. Fed. R. Civ. P. 72(b)(2).

Defendants contend that the Bank engaged in a multi-step process designed to ensure it classified the subject loans properly and that Plaintiff "was aware of at least some of these steps . . . before he first registered his complaints about the loans." Defendants' Objections 7 [#87]. They argue that the relevant, material, undisputed facts thus prove that Plaintiff could not have

had an objectively reasonable basis to believe that the Bank was knowingly misclassifying loans.

At the summary judgment stage, this court reviews the disputed facts in the non-movant's favor. Plaintiff, in his sworn declaration, explains he was a Senior Vice President of Defendant Blue Hills Bank, serving in the years preceding his termination as Treasurer and as Controller/ SVP of Finance. Waiting Decl. ¶ 1 [#54-1]. He describes his intimate involvement with the Bank's participation in the Treasury's Small Business Lending Fund program, including those portions involving reports submitted to the government for purposes of determining funds owed to the government. Id. at ¶¶ 24-26. He describes how, in his judgment, Defendants not only failed to comply with rules governing the Small Business Lending Fund program, but also how the Chief Financial Officer, after being alerting of this noncompliance, brushed Plaintiff off and instructed him to carry out the noncompliant activity anyway. Id. at ¶ 29. Plaintiff describes further how he observed the CFO direct staff to reclassify loans despite internal accounting systems making them ineligible. Id. at ¶ 53. Plaintiff contends (based on purportedly personal knowledge), that the persistent and deliberate misclassification of loans allowed the Defendants to reduce their financial obligations to the Treasury. Id. at ¶¶ 33-40. After substantial internal complaint, Plaintiff alerted the Federal Reserve and FDIC to his concerns. Id. at ¶¶ 41-49.

Protected conduct is that which "reasonably could lead to a viable FCA action." United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 236 (1st Cir. 2004) (emphasis added) (stating further that this standard "is most consistent with the broad interpretation for protected activity under § 3730(h) urged by the legislative history . . . ."). A plaintiff claiming retaliation for his protected activity need not prove an actual FCA violation, however, and an employer, even if innocent of the FCA violation, may not retaliate against an employee for engaging in protected conduct. Graham County Soil & Water Conservation Dist. v United States

ex rel. Wilson, 545 U.S. 409, 416 & n.1 (2005) (noting that Karvelas and other decisions "properly recognized that proving a violation of [31 U.S.C.] § 3729 is not an element of a § 3730(h) cause of action."). Accordingly, the question before the court is not whether Defendants knowingly violated the FCA, but only whether Plaintiff can establish an objectively reasonable basis for his belief that Defendants did so.

As the Magistrate Judge concluded, the record, construed in Plaintiff's favor, forecloses ruling as a matter of law that Plaintiff's conduct is not protected. A jury may indeed infer from the record that Plaintiff reasonably believed Defendants were knowingly misclassifying loans to gain pecuniary advantage from the government, despite being aware of some of the steps taken by the Bank to classify loans properly. For example, Plaintiff states he personally told the CFO of the misclassifications, and the CFO ordered that said conduct continue unabated. Waiting Decl. ¶ 29 [#54-1]. A jury may find that Plaintiff reasonably concluded that continued regulatory noncompliance (resulting in false claims) after notice of such noncompliance, indicated *deliberate* noncompliance. While Defendants may proffer ample evidence at trial contradicting Plaintiff's version of events, the question of whether Plaintiff engaged in protected conduct is for the jury to decide.

Accordingly, having reviewed the remainder of the Magistrate Judge's Report and Recommendation, the court hereby ACCEPTS and ADOPTS the report, and DENIES both Plaintiff's Motion for Partial Summary Judgment [#54] and Defendants' Motion for Summary Judgment [#51].

IT IS SO ORDERED.

Date: March 20, 2017  /s/ Indira Talwani  
                                                United States District Judge